# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

Nos. 97-3068/3399

_____

| | | |
|---|---|---|
| Elois Willis, | * | |
| | * | |
| Appellant/Cross-Appellee, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| Scott County Iowa; | * | |
| | * | [UNPUBLISHED] |
| Appellee, | * | |
| | * | |
| Board of Supervisors, County | * | |
| Board of Supervisors; | * | |
| | * | |
| Appellee/Cross-Appellant, | * | |
| | * | |
| Scott County Commission | * | |
| on Veterans Affairs, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: March 12, 1998

Filed: October 19, 1998

_____

Before MORRIS SHEPPARD ARNOLD and FLOYD R. GIBSON, Circuit Judges, and NANGLE,[1] District Judge.

_____

PER CURIAM.

Elois Willis appeals from the order of the district court[2] granting summary judgment to Scott County Iowa (County), Board of Supervisors (Board), and Scott County Commission on Veterans Affairs (Commission) in Willis's race-based employment discrimination and retaliation action. The Board cross-appeals the district court's refusal to award it attorneys' fees as a prevailing party. After careful review of the record, we affirm the district court on both appeals.

## I.   BACKGROUND

The following facts are either not disputed or are presented in the light most favorable to appellant, as the non-moving party. See Fed.R.Civ.P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Elois Willis, an African-American female, was hired on March 31, 1983, by the County and Board for the entry level position of Case Aide. On February 4, 1985, Willis was promoted to the position of Case Aide/Veterans Specialist. On March 10, 1992, the Board changed the name of Willis's position to Veterans Affairs Director. On March 31, 1994, Willis filed an internal complaint of discrimination, alleging differential treatment due to her race by the Community Service Director.[3] The complaint proceeded through the

_____

[1]The HONORABLE JOHN F. NANGLE, Senior United States District Judge for the Eastern District of Missouri, sitting by designation.

[2]The HONORABLE RONALD E. LONGSTAFF, United States District Judge for the Southern District of Iowa.

[3]The alleged discriminatory conduct of which Willis complained included a lack of support and a lack of communication between Willis and the Community Services

-2-

appropriate procedural steps and by June, 1994, the County and the Board had each determined that no evidence of racial discrimination existed. The County and Board attributed the problems raised in Willis's complaint to a personality conflict between Willis and the Community Services Director. Willis did not receive her annual performance evaluation in August of 1994. On October 24, 1994, the County notified all department heads that the Veteran's Affairs Office had been removed from under the auspices of the Community Services Department.

On February 20, 1995, Willis filed a second internal discrimination complaint, alleging differential treatment due to her race by the Community Services Director and other County officials and Board members. In this complaint, Willis cited the past due performance evaluation, her exclusion from department head meetings, a cramped and potentially unsafe work environment, a lack of clerical support, and denial of access to the building as evidence of her differential treatment by the County. The Board addressed the issues raised by Willis's second discrimination complaint in a letter dated March 17, 1995. The Board admitted that many of the issues raised by Willis were oversights which were attributable to the recent separation of the Veteran's Affairs Office from the Community Services Department.

The Commission issued Willis a written reprimand on April 17, 1995. The reprimand stated that Willis: 1) was unprepared for the Commission meeting held on March 13, 1995 and had acted unprofessionally by raising her voice and throwing paper and a pen; 2) tied up a Commission member's fax machine for one and one-half hours; 3) called an unauthorized press conference; and 4) spoke inappropriately to the Chairman of the Commission. On April 27, 1995, Willis filed a grievance on the written reprimand. As a result Willis's grievance, the Scott County Administrator rescinded the written reprimand on June 6, 1995, issuing a cautionary notice instead. Three days later, in response to Willis's inquiry regarding the propriety of the

---

Director, low merit-based pay increases and an excessive workload.

cautionary notice, the County Administrator clarified that the written reprimand for the first three charges had been rescinded. The County Administrator informed Willis that the cautionary notice related to the fourth charge in the original complaint and was justified due to Willis's treatment of the Commission Chairman.

On July 18, 1995, the Commission held a meeting at which Willis was given a Notice of Impending Dismissal. The Notice cited Willis's performance during a Commission meeting held on July 13, 1995, as the basis of her dismissal. The Notice characterized Willis's preparation of an agenda packet as incompetent, inefficient and wasteful. The Commission complied with the applicable personnel policy and informed Willis of her right to respond to the charges in writing. Willis responded to the charges and a mediation session followed. Although the parties reached a tentative settlement during the mediation session, the Commission decided to terminate Willis by formal written notice of termination on August 2, 1995.

On August 8, 1995, Willis also filed a complaint with the Davenport Civil Rights Commission which was cross-filed with the EEOC and the Iowa Civil Rights Commission (ICRC). On August 10, 1995, Willis filed a grievance with the County Administrator, challenging her termination. On October 19, 1995, the Board upheld Willis's termination. The ICRC closed Willis's case on January 18, 1996, stating that "[i]t does not appear that race can be shown to be a factor in Ms. Willis' treatment or dismissal." J.A. at 82. The EEOC, relying on the ICRC's findings, issued Willis a Right to Sue letter but concluded that "there is not reasonable cause to believe that the charge is true." J.A. at 83.

Willis initiated this action against the County, Board, and Commission claiming race-based discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2,3 (1994). Willis also brought three causes of action

-4-

based on 42 U.S.C. § 1983 (1994).[4] The County, Board and Commission moved for summary judgment, which the district court granted. Willis appeals this order.

Following the court's grant of summary judgment, the County, Board and Commission filed a motion for an award of attorneys' fees as prevailing parties. See 42 U.S.C. §§ 1988, 2000e-5(k) (1994). The district court denied this motion, and the Board appeals the court's order.

## II.  DISCUSSION

### A.  Willis's Appeal

We review a grant of summary judgment de novo and will affirm the judgment only if no genuine issue of material fact exists from which a reasonable juror could find in favor of the non-moving party. See Fed.R.Civ.P. 56(c); Rothmeier v. Investment Advisers, Inc., 85 F.3d 1328, 1331 (8th Cir. 1996). Willis, as the non-moving party, is entitled to the benefit of all reasonable inferences to be drawn from the facts but may not rest merely upon the allegations contained in her pleadings. Willis must affirmatively set forth specific facts, by affidavits or otherwise, showing that a genuine issue for trial exists. See Ghane v. West, 148 F.3d 979, 981 (8th Cir. 1998) (citations omitted).

As Willis has presented no direct evidence of discrimination, the familiar burden-shifting scheme developed by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), for cases relying on circumstantial evidence  applies

---

[4]Willis alleged she had been deprived of her Fourteenth Amendment rights to substantive and procedural due process and equal protection and her First Amendment right to free speech.

to this case. This three-step analysis first requires that the plaintiff present a prima facie case of discrimination. The burden of production then shifts to the employer to articulate a legitimate non-discriminatory reason for the adverse employment action. If the employer articulates a reason, the burden shifts back to the plaintiff to show that the proffered reason is pretextual and that the employer intentionally discriminated against the plaintiff. See Rothmeier, 85 F.3d at 1332.

The district court assumed without deciding that Willis established a prima facie case of race discrimination but held that Willis had failed to present sufficient evidence showing that Scott County's proffered reasons for her termination were pretextual. See slip op. at 7-11. The Commission articulated two overriding rationales for Willis's termination: incompetency and insubordination. Willis claims that the decision to terminate her was sudden, that the Commission offered shifting reasons for her termination, and that she was treated differently than the previous department head, a Caucasian female. Willis asserts that these allegations create a basis for a reasonable juror to find in her favor. We disagree.

Although suddenness may, under certain circumstances, be evidence of pretext, see Hardin v. Hussmann Corp., 45 F.3d 262, 265 (8th Cir. 1995) (employer decided to terminate employee following a thirty minute discussion), the facts of this case do not create a reasonable inference that Willis's termination was sudden. Willis had been disciplined three months prior to her termination, and relations between Willis and other members of the Commission and County had been strained for nearly a year. The fact that Willis may feel as though her termination occurred suddenly is not enough to meet her burden of producing evidence of pretext.

Willis claims that the Commission offered shifting reasons for her termination. Significant changes over time in an employer's explanation for its adverse employment decision may give rise to an inference of pretext. See Kobrin v. University of Minnesota, 34 F.3d 698, 703 (8th Cir. 1994) (university offered different rationales

-6-

regarding the qualifications and background desired for position of professor).  We have reviewed the record and find no inconsistencies between the reasons given for Willis's reprimand and termination.  Semantics aside, the Commission's proffered reasons for its decision to discipline Willis, incompetency and insubordination,  have not changed significantly.

Finally, while it is also true that pretext may be shown by disparate treatment of the plaintiff and other similarly situated employees, Willis has not shown that she and the previous department head were "similarly situated in all relevant aspects."  Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 777 (8th Cir. 1995) (citations omitted).  We agree with the district court that the differential treatment alleged by Willis[5] creates no reasonable inference of pretext.

Willis also claims that the district court did not consider her retaliation claim in its order granting summary judgment.  However, the district court held that "the record fails to provide any indication that Willis was fired in retaliation for opposing discrimination or filing discrimination complaints."  Slip op. at 10-11.  After careful review of the record, we find no error with the district court's disposition of Willis's retaliation claim.

In sum, we agree with the district court's careful analysis and conclusion that Willis has failed to produce evidence to demonstrate that the non-discriminatory reasons for her termination offered by the Commission are pretextual.  We find no evidence in the record that supports Willis's charges of racial discrimination or retaliation.

---

[5]Willis claims that the previous department head was not required to provide the Commission with an advance copy of meeting agendas or to personally deliver documents  to Commission members as Willis was required, and allegedly failed, to do.

Additionally, Willis also appeals the adverse grant of summary judgment to the appellees of her §1983 claims. After review of the record, we find those claims to be without merit. As such, the district court's grant of summary judgment is affirmed.

## B. The Board's Cross-Appeal

We now turn briefly to the Board's cross-appeal of the district court's denial of its motion for attorneys' fees. This Circuit follows the rule articulated by the Supreme Court in <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412 (1978), for the award of attorneys' fees to prevailing defendants. We will uphold an award of attorneys' fees to a prevailing Title VII defendant only if the "court finds that [the plaintiff's] claim was frivolous, unreasonable, or groundless." <u>Marquart v. Lodge 837</u>, 26 F.3d 842, 849 (8th Cir. 1994) (quoting <u>Christiansburg</u>, 434 U.S. at 422). In its order denying the Board's motion for attorneys' fees, the district court applied the correct standard and specifically found that Willis's claims were not "so frivolous or unfounded as to warrant an award of attorneys' fees." Order at 3. We find no error in the district court's ruling and, therefore, affirm its denial of attorneys' fees.

## III. CONCLUSION

For the reasons set forth in this opinion, we affirm the district court's judgment in all respects.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-8-